[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15189
Non-Argument Calendar
_____

Agency No. A215-828-497


GURJEET SINGH-KHINDA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 24, 2020)

Before WILLIAM PRYOR, Chief Judge, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Gurjeet Singh-Khinda ("Singh") seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  Singh argues that the adverse credibility finding which supported the denial of all his claims was not supported by substantial evidence. After careful review, we disagree and deny his petition.

## I. Background

Singh is a native and citizen of India and a member of the Sikh religion. After he entered the United States in November 2018 without valid entry documents, he was immediately detained by border patrol agents and sought asylum, withholding of removal, and CAT relief.  Singh claimed that he feared for his life in India because of political persecution based on prior instances where he was physically attacked by the "Congress Party" due to his activities with the "Maan Party."  At the merits hearing on his application, Singh testified that members of the Congress Party were anti-Sikh, had threatened him, and had tried to get him to join their party and sell drugs.  He stated that on December 13, 2017, while putting up posters for the Maan Party, he was attacked by members of the Congress Party and was slapped, kicked, and punched.  He also stated that he was attacked a second time on July 5, 2018, when four men surrounded him and beat him with hockey sticks.

2

The IJ determined that Singh's story lacked credibility and denied his application.  The IJ based the credibility finding on inconsistencies between Singh's testimony before the IJ and his initial interview with border patrol,[1] Singh's failure to answer satisfactorily "simple, direct questions made by the Court,"[2] Singh's inability to provide specific details or furnish proof regarding the political affiliations of his alleged attackers, inconsistency between Singh's testimony and his statements to border patrol that he came to the United States to work and send money back home, and the similarity of Singh's story to other Sikh members requesting asylum.[3]  In sum, the IJ found that Singh's testimony was

---

[1] In his initial interview with border patrol, Singh stated that he had been attacked "3 times" in India by people who wanted him to "sell drugs."  But he provided only two dates on which he was attacked: September 13, 2017 and July 25, 2018.  During his hearing before the IJ, Singh claimed that he was attacked twice, on December 13, 2017 and July 5, 2018.  Singh admitted that he did not file a police report for the attacks, and that he did not require hospitalization because his attackers had "just kicked [him]" and therefore he was not injured.

[2] Throughout Singh's testimony, the IJ repeatedly had to repeat questions and reframe question to elicit answers from Singh.  For instance, consider the following exchange between the IJ and Singh via an interpreter:

| IJ: | When did the Congress Party ask you to sell drugs? |
|---|---|
| Singh: | So they tell – they contact the young people to sell drugs, not of our youth who got involved in drugs, they died because of taking – because of overdose. |
| IJ: | Once again, sir, you have not answered my question.  Listen carefully. |

Notably, Singh does not assert that any language barrier prejudiced his testimony.

[3] The IJ noted that Singh's claim was identical to other Sikhs from Singh's same region of India who had come before the court seeking asylum, withholding of removal, and CAT relief. The IJ explained to Singh that these other Sikh applicants had all "claim[ed] to work for the Maan party," and that, like Signh, they "put up posters," were "beaten twice and [then] leave."

3

nothing more than a "furnished tale." The IJ then denied his application for asylum and withholding of removal and claim for CAT relief. The BIA affirmed the IJ's ruling because it discerned no clear error in the IJ's adverse credibility determination.

## II. Standard of Review

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion. Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (alteration added); *see also Ying Wu v. U.S. Att'y Gen.*, 712 F.3d 486, 492 (11th Cir. 2013) ("If the BIA explicitly agreed with particular findings of the IJ, we review both the BIA and the IJ's conclusions regarding those issues."). We review the BIA's factual determinations, including credibility findings, under the deferential substantial-evidence test. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026–27 (11th Cir. 2004). We must affirm the BIA's decision if, considering the record as a whole, it is supported by reasonable, substantial, and probative evidence. *See id.* at 1027. "'The trier of fact must determine credibility, and this court may not substitute its judgment for that of the BIA with respect to credibility findings.' Indeed, 'a credibility determination, like any fact finding, may not be overruled unless the record compels it.'" *Ying Wu*, 712 F.3d at 493 (bracket omitted)

4

(quoting *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004), and then *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1231 (11th Cir. 2006)).

## III. Discussion

To establish eligibility for asylum, a petitioner must demonstrate either past persecution or a well-founded fear of future persecution based on a statutorily listed factor.[4]  *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006); *see also* 8 U.S.C. § 1101(a)(42)(A).  "An applicant bears the burden of establishing eligibility . . . 'by offering "credible, direct, and specific evidence in the record."'" *Ying Wu*, 712 F.3d at 492–93 (quoting *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005)).  A trier of fact, after considering the "totality of the circumstances" and "all relevant factors," may make a credibility determination based on, *inter alia*, "the demeanor, candor, or responsiveness" of the applicant, "the inherent plausibility of the applicant's . . . account," and  "the consistency between the applicant's . . . oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made)."  8 U.S.C. § 1158(b)(1)(B)(iii).  "There is no presumption of credibility." *Id.* § 1158(b)(1)(B)(iii).

---

[4] Singh advances no separate arguments regarding his application for withholding of removal or claim for CAT relief.  Rather, he concedes that the IJ's credibility determination is dispositive of all claims.

Although the IJ must "consider all evidence introduced by the applicant," whenever an "applicant produces no evidence other than his testimony, an adverse credibility determination is alone sufficient to support the denial of an asylum application." *Forgue*, 401 F.3d at 1287.  An IJ's adverse credibility finding is sufficient to support the denial of asylum if the IJ offered "specific, cogent reasons for an adverse credibility finding." *Id.*  "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." *Id.* (quotations omitted).

We hold that the IJ provided specific, cogent reasons in support of its conclusion that Singh was not credible when he claimed he feared political persecution in India and that substantial evidence supports this conclusion.  Among other things, the IJ noted Singh's lack of direct responsiveness to its questions, inconsistent stories and dates of attack by members of the Congress party, and lack of supporting detail regarding his attackers' political affiliations.  These reasons are sufficiently specific and cogent to support the adverse credibility determination and are supported by substantial evidence in the record.  *See id.*  As the IJ noted and BIA agreed, Singh was not entirely responsive and provided insufficient detail to support his claims.  The record reflects that, throughout the merits hearing, Singh was evasive with his answers.  Instead of directly answering the IJ's

6

questions for more details, Singh would repeat his story that he was attacked by members of the Congress Party in December 2017 after being asked to sell drugs. As well, Singh admitted to the border patrol and the IJ that he had no proof that the individuals who allegedly kicked him were members of the Congress party. Yet later, during his hearing before the IJ, Singh suddenly remembered that the car driven by his attackers "had their party logo." On this record, substantial evidence supports the IJ's and the BIA's conclusion that Singh was not credible.[5]

**PETITION DENIED.**

---

[5] Singh contends that the IJ's reliance on any inconsistency between his border patrol interview and testimony before the IJ with regards to the number of times he was attacked or his reason for coming to the United States is misplaced, and that his border patrol interview actually lends credence to his testimony. He further contends that he was never given an opportunity to explain any discrepancies between his border patrol interview and testimony before the IJ. But even if we assume, *arguendo*, that the IJ erred in relying on these inconsistencies, its finding was based on other factors, such as Singh's lack of responsiveness during the hearing before the IJ. Singh also argues that the IJ inappropriately considered the similarity between his testimony and that of other Sikhs. But, again, even if we were to accept this argument as valid, it would be insufficient to overcome the IJ's adverse credibility finding based on Singh's conduct during the hearing and failure to provide sufficient supporting detail regarding his attackers' political affiliations.